# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

**Abdul K. Hassan, Esq.**                        Tel: 718-740-1000
Email: abdul@abdulhassan.com             Fax: 718-740-2000
*Employment and Labor Lawyer*            Web: www.abdulhassan.com

<p align="center">May 15, 2018</p>

**Via ECF**

Hon. Sanket J. Bulsara, USMJ
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

<p align="center"><u>Re: Richard Williams v. Expressive Lighting Inc.</u><br>
Case No.  18-CV-01096 (MKB)(SJB)<br>
Motion for Settlement Approval</p>

Dear Magistrate-Judge Bulsara:

      My firm represents plaintiff Richard Williams ("Plaintiff"), in the above-referenced action, and I respectfully write to seek approval of the settlement in this action as per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015), as directed by the Court in it May 2, 2018 order.

      Defendant Expressive Lighting Inc. ("Defendant") and Plaintiff both join in urging this Court to approve the settlement as fair and reasonable – Plaintiff writes in support of the motion. A copy of the fully executed settlement agreement is attached hereto as Exhibit 1. The parties are in the process of executing the consent to Magistrate form which they intend to file shortly.

      The claims made by Plaintiff are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brings claims for unpaid overtime wages, liquidated damages, including liquidated damages on all wages paid later than weekly, and violations of the wage notice and wage statement requirements of NYLL § 195(1) and NYLL § 195(3). Plaintiff also seeks to recover legal fees and costs under the applicable fee-shifting provisions.

      In general, allegations are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. In general, Defendant denies liability

<p align="center">1</p>

and the parties disagree as to the interpretation and application of the laws governing liquidated damages, manual worker liability, and penalties for wage notice/wage statement issues.

Based on Plaintiff's interpretation of the wage records produced by Defendant, Plaintiff would be owed unpaid wages of approximately $3,405.02. Plaintiff may also be entitled to an additional to additional $3,405.02 in liquidated damages. Assuming Plaintiff prevails on his wage notice and wage statement violations he could be entitled to another $10,000 maximum ($5,000 each). Plaintiff may also be entitled to additional liquidated damages and/or interest on his manual worker claims for being paid later than weekly. The law as to the wage notice and wage statement claims is not settled – recovery under these claims is also not protected by the FLSA – these are NYLL claims.

The gross settlement amount between Plaintiff and Defendants is $32,463, inclusive of fees and costs. (See Ex. 1, ¶ 2).

Under the settlement, Plaintiff is receiving $21,334 after a 1/3 contingency fee and reimbursement of $463 in costs. Under the settlement, Plaintiff's counsel will be receiving a 1/3 contingency fee ($10,666), plus reimbursement of $463 in costs. (Ex. 1 ¶ 2)[1].

See *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94 under *Cheeks*); *Andrea Carter v. Long Island Care Center, Inc.*, Case No.15-cv-4058 (PKC)(VMS), (February 19, 2016 text only order – 1/3 fee under *Cheeks* of about $27,000)*; Kevin Lynch v. Consolidated Edison, Inc.*, Case No. 16-CV-1137, ECF No. 37 (Judge Furman - approving 1/3 fees of $14, 826)("the Court sees no basis to reduce the fee where, as here, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and his attorney."); *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (approving 1/3 fees of $23,080); *De Fabio v. QualityPro Pest & Wildlife Services Inc. et al*, 15-cv-09483, ECF No. 38, (Judge Karas-SDNY) (1/3 fee of $10,648 under *Cheeks*); *Velez v. Lusardi Ltd. et al*, 16-CV-5675, ECF Nos. 41-43, (Magistrate-Judge Smith – SDNY)(1/3 fee of $11,000 under *Cheeks*).

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel."

In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, Defendant disputes liability and if a jury believes Defendant, Plaintiff may receive a lot less. Second, the amount Plaintiff is due to receive under the settlement, exceeds the amount of FLSA-protected wages Plaintiff is claiming. Third, there appears to be a desire by all parties to resolve the case early and avoid the significant financial and non-financial costs/harms of litigation.

Therefore, it is respectfully requested that this Honorable Court approve the settlement agreement as fair and reasonable.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:**   **Defense Counsel via ECF**