# SETTLEMENT AGREEMENT AND RELEASE

Expressive Lighting Inc. ("Defendant"), and Richard Williams ("Williams"), desire to avoid the costs, risks, and delays associated with litigation and therefore agree as follows:

1. **Definition of Parties**.

    a. "Plaintiff" shall be defined as Richard Williams.

    b. Plaintiff Richard Williams was employed by Defendant Expressive Lighting Inc.

    c. "Defendant" shall be defined as Expressive Lighting Inc.

    d. "Action" or "Lawsuit" refers to the lawsuit filed by Plaintiff against Defendant on February 20, 2018, in the United States District Court, Eastern District of New York, with Civil Action #: 18-CV-01096 (MKB)(SJB).

2. **Consideration**. In consideration for Mr. Williams' signing this Agreement and the release of all claims herein, Defendant Expressive Lighting Inc. agrees to make the following payments:

    a. A check made payable to "Richard Williams" in the amount of Three Thousand, Five Hundred Dollars ($3,500), less applicable taxes and withholdings, reportable on an IRS Form W-2 due on or before May 30, 2018; *R.W.*

    b. A check made payable to "Richard Williams" in the amount of Seventeen Thousand, Eight Hundred and Thirty-Four Dollars ($17,834), to be reported on an IRS Form 1099-MISC (Box 3), due on or before May 30, 2018; *R.W.*

    c. A check made payable to "Abdul Hassan Law Group, PLLC" in the amount of Eleven Thousand, One Hundred and Twenty-Nine Dollars ($11,129), representing a 1/3 contingency fee ($10,666) plus costs ($463), to be reported on an IRS Form 1099-MISC (Box 14) due on or before May 30, 2018; *R.W*

    d. The payments above shall be sent by overnight delivery to the office of Plaintiff's counsel Abdul K. Hassan, Esq., located at 215-28 Hillside Avenue, Queens Village, NY 11427.

    e. If there is a default in making the payments herein, Plaintiff or his counsel, will give Defendant **Expressive Lighting Inc.**, written notice of said default, by sending a notice of default by fax and email to Defendant's attorneys **Mr. Jonathan B. Arfa, Esq.** Defendant will have seven (7) days from receipt of such notice to cure the default. If Defendant does not cure the default within seven (7) days of the notice, Plaintiff and his Counsel shall have the right to a judgment or supplemental judgment against Defendant **Expressive Lighting Inc.**, in the amount of Forty-Five Thousand Dollars ($45,000) less any monies paid by Defendant at the

1

time of default. The Court shall retain and have authority and jurisdiction to enter such judgment or supplemental judgment in favor of Plaintiff and his counsel.

        f.        If court approval of this settlement agreement does not occur before any payment is due, Defendant shall hold such payments and distribute them within ten (10) days of the Court's approval of this settlement agreement.

        3.    **No Consideration Absent Execution of This Agreement**. Plaintiff understands and agrees he would not receive the monies and/or benefits specified in Paragraph 2 above, except for his execution of this Agreement and the discontinuance of the Action with prejudice.

        4.    **Release of Claims by Plaintiff**. In consideration for the foregoing, the Plaintiff, on behalf of himself and his dependents, heirs, executors, administrators, legal and/or personal representatives, successors, assigns and agents, does hereby knowingly, voluntarily, unconditionally and irrevocably WAIVE, RELEASE and FOREVER DISCHARGE the Defendant and each and every one of its divisions, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities, predecessors, successors, management companies and assigns, and the officers, directors, trustees, employees, agents, shareholders, administrators, representatives, attorneys, insurers or fiduciaries of each and all of them, past, present or future (together the "Releasees"), from any and all claims, rights, liabilities, debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes known or unknown, suspected or unsuspected, arising under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, as amended, and related regulations, the New York Labor Law and related regulations promulgated by the NYS Commissioner of Labor, for alleged unpaid wages, unpaid minimum wage, unpaid overtime compensation, failure to provide required notices and/or wage statements, liquidated damages, interest, costs, penalties and attorneys' fees in connection with these claims, based upon any conduct occurring from the beginning of Plaintiff's employment with Defendant to the date of the Plaintiff's execution of this Agreement.

        5.    **Acknowledgments and Affirmations**.

        a.    Plaintiff affirms that in the Action he has asserted a claim in seeking unpaid wage or overtime pay under the Fair Labor Standards Act, the New York State Labor Law ("NYLL"), and/or any other law, regulation or basis and affirms that there is a bona fide dispute as to such FLSA and NYLL claims which are being settled and released by this Agreement. Plaintiff believes that this settlement is fair and reasonable, and authorizes his attorney to seek from the Court approval of the settlement as fair and reasonable under the FLSA and NYLL, and dismissal of the Action with prejudice.

        6.    **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions. In the event the Plaintiff or Defendant breaches any provision of this Agreement, Plaintiff and Defendant affirm that either may institute an action to specifically

enforce any term or terms of this Agreement. If the release language is found to be illegal or unenforceable, Plaintiff and Defendants agree to execute a binding replacement release(s).

7. **Amendment**. Except as provided in Paragraph 6 above, this Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

8. **Resolution of Disputes**. The parties agree that the Court in this action shall retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement of this action.

9. **Non-admission of Wrongdoing**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

10. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreement's contents.

11. **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

12. **Legal Fees**. Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

13. **Joint Participation in Preparation of Agreement**. The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

14. **Competency to Waive Claims**. At the time of considering or executing this Agreement, Mr. Williams was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Mr. Williams is competent to execute this Agreement.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

3

PLAINTIFF:

RICHARD WILLIAMS

By: *Richard Williams*

Date: 5-12-18

DEFENDANT:

EXPRESSIVE LIGHTING, INC.

By: *Meyer Bodner*

Print Name: Meyer Bodner

Title: V.P

Date: 5/10/18

4